

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RAY ACUNA,<br>Institutional ID No. 1517230, | §<br>§<br>§ | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 7:11-CV-00143-BL |
| RICK THALER,<br>Director TDCJ-CID, | §<br>§ | ECF |
| | §<br>§ | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Ray Acuna, a federal prisoner, has filed a petition, (Doc. 3), for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition should be dismissed as time-barred.

## I. BACKGROUND

Acuna challenges the validity of his Young County conviction for aggravated sexual assault of a child. Acuna was convicted on July 22, 2008. His conviction was affirmed on direct appeal on August 13, 2009. Acuna was then permitted by the Texas Court of Criminal Appeals ("TCCA") to file an out-of-time petition for discretionary review ("PDR"). On April 28, 2010, the TCCA struck Acuna's PDR as noncompliant with the Texas Rules of Appellate Procedure; the TCCA gave him thirty days to redraw his petition. Acuna did not avail himself of this opportunity. The TCCA entered a final order in his case on July 20, 2010. Acuna did not seek certiorari in the United States Supreme Court.

The instant petition, (Doc. 3), was filed on November 15, 2011. In its order, (Doc. 8), of

June 18, 2012, this court directed Respondent Rick Thaler, Director TDCJ-CID, to file a preliminary response and any relevant state court records regarding whether the instant action is barred by limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In its order of June 18, 2012, the court also informed Acuna that, should Director Thaler's response contend that Acuna's action is time barred, Acuna "may file a reply within twenty (20) days after Respondent files his preliminary response."

On August 14, 2012, Director Thaler filed his preliminary response with this court. (Doc. 14). In his response, Thaler argues that Acuna's petition is time-barred under AEDPA. On February 5, 2013, this Court granted Acuna a twenty day extension of time in which to reply to Thaler's response. (Doc. 19). On February 28, 2013, Acuna filed his own Response/Objection, (Docs. 20, 21, 22, 23).

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On April 28, 2010, the TCCA struck Acuna's PDR as noncompliant with the Texas Rules of Appellate Procedure. His conviction became final on May 28, 2010, the last day on which he could have redrawn his petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.2(a) (2009) ("The petition [for discretionary review] must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals."); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Absent tolling, the limitation period would have ended one year later, on May 28, 2011. The instant petition, filed on November 15, 2011, is untimely.

Acuna was afforded the opportunity to show cause as to why this action is not time-barred. He has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States, he has not shown any right newly recognized by the Supreme Court made retroactive on collateral review, and he has not shown that he could not have discovered the factual basis of his grounds for relief in a timely manner through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Therefore, Acuna is not entitled to statutory tolling.

The court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding

that the one-year statute of limitations is subject to equitable tolling). The limitation period applicable to habeas actions is not a jurisdictional bar and can, in rare and exceptional circumstances, be equitably tolled. *E.g., Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th

Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling). In the case at bar, Acuna has not presented any arguments, facts, or circumstances sufficient to warrant equitable tolling.

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the instant petition for writ of habeas corpus be **DISMISSED** as **TIME-BARRED**.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

The clerk shall mail a copy of this order to Petitioner at his last known address by certified mail, return receipt requested, and to all other counsel of record by first class mail or electronically.

DATED this 13th day of March, 2013.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**